IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **RUSSELL HARRIS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| v. | ) | Case No. |
| | ) | |
| **ADVENTIST GLENOAKS HOSPITAL d/b/a** | ) | |
| **AMITA HEALTH ADVENTIST MEDICAL** | ) | |
| **CENTER, GLENOAKS,** | ) | |
| | ) | |
| **Defendant** | ) | |

## COMPLAINT

NOW COMES Plaintiff, RUSSELL HARRIS, by and through his attorneys, Joshua M. File and Bridgette A. Kolb, of Katz, Friedman, Eisenstein, Johnson, Bareck & Bertuca, P.C., and hereby complains against Defendant, ADVENTIST GLENOAKS HOSPITAL d/b/a AMITA HEALTH ADVENTIST MEDICAL CENTER, GLENOAKS as follows:

## NATURE OF ACTION JURISDICTION AND VENUE

1. This is an action to redress employment discrimination on the basis of disability pursuant to the Americans with Disabilities Act, ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*; and for unlawful interference and retaliation in violation of the Family and Medical Leave Act, ("FMLA"), 29 U.S.C. § 2601 *et seq.*

2. Federal jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. §§ 1343(a)(3) – (a)(4), and 29 U.S.C. § 2617(a)(2).

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because the underlying acts giving rise to this action took place within this judicial district.

4. Plaintiff filed a Charge of Discrimination on the basis of disability with the Equal Employment Opportunity Commission ("EEOC"), on September 22, 2021, within 300 days of the commission of the unlawful employment practices alleged herein. Exhibit A.

5. Plaintiff received a Notification of Right to Sue from the EEOC on June 24, 2022. Exhibit B.

6. This Complaint has been filed within 90 days of Plaintiff's receipt of the EEOC's Notification of Right to Sue.

## PARTIES

7. Plaintiff is a citizen of the State of Illinois and, at all relevant times, was domiciled in Roselle, Illinois.

8. Defendant is an Illinois not-for-profit corporation which operates an acute care hospital in Glendale Heights, Illinois.

9. Plaintiff and Defendant are both "persons" as defined under 42 U.S.C. § 2000e(a) and 42 U.S.C. § 12111(7).

10. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2611(2)(B)(ii), because he had worked for Defendant for more than 12 months and had worked more than 1,250 hours in the 12-month period immediately preceding his request for leave.

11. At all relevant times, Defendant was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4)(A) and 29 U.S.C. §2611(2)(B)(ii), because Defendant employs more than 50 employees within 75 miles of Plaintiff's worksite.

12. At all relevant times, Defendant was an "employer" as defined under the ADA. 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12111(5)(A).

## FACTUAL ALLEGATIONS

13. Plaintiff began his employment with Defendant in February 2019 as a Registered Nurse, ("RN"), in the Emergency Room, ("ER").

14. As an RN and Charge Nurse in the ER, Plaintiff frequently was assigned to treat psychiatric patients, intoxicated patients and otherwise unruly or uncooperative patients.

15. As a result of these assignments, Plaintiff was violently attacked by patients approximately ten (10) to fifteen (15) times throughout his employment with Defendant.

16. Plaintiff reported each and every attack to Management.

17. On or about December 8, 2020, Plaintiff was physically attacked by a patient, which caused him to suffer a significant injury to his rotator cuff. Plaintiff immediately reported this incident/injury to the ER Director, Amy Seratt.

18. Shortly after that December 8 incident, Plaintiff began seeking mental health treatment through Defendant's Employee Assistance Program, ("EAP"), as a result of the trauma he experienced from having been violently attacked by patients on multiple occasions.

19. On or about January 4, 2021, Plaintiff suffered another traumatic incident while at work when he was assigned to treat a patient who had been admitted to the ER after committing a brutal assault. The victim of that assault was also in the ER at the same time. The patient, who had a lengthy criminal record, was unruly and had to be handcuffed to the hospital bed. While in the ER, that patient threatened Plaintiff and other patients, and attempted to kick a police officer in the head.

20. In or around January, 2021, Plaintiff began treating with a psychiatrist, Dr. Paul A. Meyer, who diagnosed Plaintiff with post-traumatic stress disorder ("PTSD") resulting from the numerous violent attacks and traumatic experiences he suffered at work.

3

21. Plaintiff's condition of PTSD substantially limits him in the performance of several major activities and/or major bodily functions, including, but not limited to: breathing; sleeping; thinking; concentrating; communicating; working; and brain function and neurological function.

22. On or about March 15, 2021, Plaintiff was attacked twice by two different patients while working in the ER.

23. First, on or about March 15, 2021, an intoxicated patient became combative with Plaintiff as he was trying to remove the patient's shoes per safety policy. The patient kicked Plaintiff in the stomach and scratched and clawed at Plaintiff's hand, drawing blood.

24. Second, on or about March 15, 2021, a psychiatric patient threw a filled urine specimen container at Plaintiff, striking him in the crotch, and then lunged at Plaintiff and pulled him to the floor.

25. At the end of his shift on March 15, 2021, Plaintiff approached ER Director Amy Seratt in her office, informed her of his PTSD diagnosis, and requested a reasonable accommodation for his PTSD. Specifically, Plaintiff asked to no longer perform the Charge Nurse duties in the ER as it exacerbated his PTSD symptoms and he felt it was unsafe.

26. Seratt refused Plaintiff's reasonable accommodation request, and refused to engage in the interactive process. Instead, Seratt responded by telling Plaintiff that he was on his final warning.

27. On March 18, 2021, Plaintiff sent a follow-up e-mail to Seratt and Assistant Director of the ER, Caroline Radkiewicz, in which he summarized the March 15 incidents, expressed his continued health and safety concerns, and requested a reasonable accommodation for his PTSD.

28. On or about March 19, 2021, Plaintiff followed-up that e-mail by calling Seratt at the hospital and informing her that he was going to have intensive treatment for his PTSD and would need some time off, possibly FMLA leave.

29. Seratt did not respond to Plaintiff's March 18 e-mail or his follow-up phone call on March 19 requesting for FMLA leave.

30. Instead, she informed Plaintiff over the phone that she had to go for a dinner date with friends and asked if she could call him back on Monday.

31. On or about March 22, 2021, Seratt called Plaintiff back and informed him that he was fired.

32. Defendant terminated Plaintiff's employment on March 22, 2021 because of his disability and/or because it regarded him as disabled; and in retaliation for attempting to exercise his right to take FMLA leave.

33. Defendant's discriminatory actions toward Plaintiff have been willful and wanton, and demonstrate a reckless disregard for Plaintiff's rights under the ADA and FMLA.

## COUNT I
*(ADA Discrimination)*

34. Plaintiff restates and reiterates each and every allegation contained in Paragraphs 1 through 33, above, as though fully set forth and alleged herein.

35. Plaintiff is a "qualified individual with a disability" as that term is defined under Section 1201(8) of the ADA. 42 U.S.C. § 12111(8).

36. Plaintiff's condition of PTSD substantially limits him in the performance of several major life activities and/or major bodily functions, including, but not limited to: breathing; sleeping; thinking; concentrating; communicating; working; brain function and neurological function.

37. Notwithstanding his disability, Plaintiff is capable of performing the essential functions of his job with or without a reasonable accommodation.

38. On or about March 15, 18 and 19, 2021, Plaintiff requested that Defendant reasonably accommodate his disability, PTSD.

39. Defendant failed and/or refused to reasonably accommodate Plaintiff's disability, and failed and/or refused to engage in the interactive process.

40. On or about March 22, 2021, Defendant terminated Plaintiff's employment because of his disability.

41. In the alternative, on or about March 22, 2021, Defendant terminated Plaintiff's employment because he has a record of disability and/or because Defendant regarded him as being disabled.

42. By virtue of its actions, Defendant has acted unlawfully, with malice and/or reckless disregard for Plaintiff's federally protected civil rights in violation of Section 102(a) of the ADA. 42 U.S.C. § 12112(a).

43. As a result of Defendant's willful unlawful conduct, Plaintiff has been caused to incur substantial damages for lost wages and employment benefits, pain and suffering, emotional distress, and other pecuniary and non-pecuniary damages.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against Defendant as follows:

1. Find that Defendant's conduct alleged herein violates the ADA;

2. Award Plaintiff any and all monetary relief available to him as damages under the ADA, including but not limited to lost wages and benefits, compensatory and punitive damages;

3. Award Plaintiff any and all equitable relief available to him under the ADA including, but not limited to, reinstatement to the same or equivalent position with a reasonable accommodation;

4. Award Plaintiff his costs, expenses, and reasonable attorneys' fees.

5. Award Plaintiff any other and further relief which the Court may deem appropriate under the circumstances.

**COUNT II**
***(FMLA Interference)***

44. Plaintiff restates and re-alleges each and every allegation set forth in Paragraphs 1 through 43, above, as though fully set forth and alleged herein.

45. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA.

46. At all relevant times, Plaintiff's condition of PTSD constituted a serious health condition as defined under the FMLA.

47. On or about March 19, 2021, Plaintiff notified Defendant's ER Director, Amy Serrat, of his need to take FMLA-qualifying leave to care for his own serious health condition of PTSD.

48. Defendant failed and/or refused to provide Plaintiff with the necessary certification paperwork in order to apply for FMLA leave to treat his own serious health condition.

49. Instead, Defendant terminated Plaintiff's employment on March 22, 2021, effectively denying his request for FMLA leave.

50. By its conduct alleged herein, Defendant has violated the FMLA by interfering with, restraining or denying Plaintiff of his rights under the FMLA.

51. Defendant's conduct toward Plaintiff illustrated a willful and wanton disregard for Plaintiff's rights under the FMLA.

52. As a result of Defendant's unlawful conduct, Plaintiff has been caused to suffer damages, including but not limited to, lost wages, benefits and employment opportunities.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against Defendant as follows:

1. Find that Defendant's conduct violates the FMLA;

2. Order that Plaintiff be restored to his former position of RN or an equivalent position;

3. Award Plaintiff the value of any and all wages, compensation and benefits lost and/or that he will lose as a result of Defendant's unlawful conduct;

4. Award Plaintiff the value of any and all wages, compensation and benefits that he will lose

5. Award Plaintiff interest on all past and future lost wages pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii);

6. Award Plaintiff liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

7. Award Plaintiff his costs, expenses, and reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

8. Award Plaintiff any other and further relief which the Court may deem appropriate under the circumstances.

## COUNT IV
### *(FMLA Retaliation)*

53. Plaintiff restates and re-alleges each and every allegation set forth in Paragraphs 1 through 52, above, as though fully set forth and alleged herein.

54. At all relevant times, Plaintiff was an "eligible employee" under the FMLA.

55. On March 19, 2021, Plaintiff engaged in protected activity under the FMLA when he communicated to Defendant's ER Director, Amy Serrat, his intent to take FMLA leave in order to care for his own serious health condition.

56. On March 22, 2021, Defendant terminated Plaintiff's employment in retaliation for his attempt to exercise his right to take FMLA leave to care for his own serious health condition.

57. Defendant's actions were willful and wanton, and demonstrate a reckless disregard for Plaintiff's rights under the FMLA.

58. As a result of Defendant's unlawful conduct, Plaintiff has been caused to suffer damages including, but not limited to, lost wages, benefits, and employment opportunities.

WHEREFORE, Plaintiff respectfully prays that this Court finds in his favor and against Defendant as follows:

1. Find that Defendant's conduct violates the FMLA;
2. Order that Plaintiff be restored to his former position of RN or an equivalent position;
3. Award Plaintiff the value of any and all wages, compensation and benefits lost and/or that he will lose as a result of Defendant's unlawful conduct;
4. Award Plaintiff the value of any and all wages, compensation and benefits that he will lose

5. Award Plaintiff interest on all past and future lost wages pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii);

6. Award Plaintiff liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

7. Award Plaintiff his costs, expenses, and reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

8. Award Plaintiff any other and further relief which the Court may deem appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all Counts.

Respectfully submitted,

/s/ *Joshua M. File*
Joshua M. File, an attorney for Plaintiff

Joshua M. File
Bridgette A. Kolb
KATZ, FRIEDMAN, EISENSTEIN,
JOHNSON, BARECK, & BERTUCA P.C.
77 West Washington Street, 20th Floor
Chicago, IL 60602
Ph: (312) 263-6330
jfile@katzfriedman.com
bkolb@katzfriedman.com